**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIANBO SHAO,<br><br>            Petitioner,<br><br>    v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>            Respondent. | No.    14-72815<br><br>Agency No. A205-330-702<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:      BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Jianbo Shao, a native and citizen of China, petitions for review of the Board

of Immigration Appeals's order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and review de novo due process claims, *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Shao's omission from his asylum application that family planning officials threatened to sterilize him. *See Shrestha*, 590 F.3d at 1048; *Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010) (adverse credibility determination supported by omission of crucial facts from asylum application). Shao's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Shao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Shao's CAT claim fails because it is based on the same testimony the agency found not credible, and he does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in China. *See*

14-72815

*id.* at 1156-57. We reject his contentions that the agency did not analyze his claim properly. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**